Filed May 29, 1884.

---

No. 11,458.

## BARCUS v. ELLIOTT ET AL.

PROMISSORY NOTE.—*Consideration.*—Where, in a sale of land, the agent of the seller executes to the buyer a receipt for the amount of his commission, to operate as part payment of the purchase-money, a promissory note executed by the buyer to the agent, in consideration of such receipt, is valid.

From the Fulton Circuit Court.

*E. Myers,* for appellant.
*I. Conner,* for appellees.

FRANKLIN, C.—Appellees sued appellant upon a promissory note for $150. The defendant answered want of consideration, failure of consideration, and a denial.

The plaintiffs replied by a denial, and averring a consideration received by the defendant. A demurrer was overruled to the second paragraph of the reply, and upon this ruling error has been assigned.

The second paragraph of answer substantially alleges that appellees were real estate agents, and that one Hively had employed them to sell for him a certain tract of land; that they applied to appellant to purchase the land; that he agreed to purchase the same; that Hively and wife signed and acknowledged a deed to him for the land, and placed it in the hands of the appellees to be delivered to him upon his paying on the land $1,200; that he was disappointed in getting the money to make the payment; that appellees claimed that Hively was indebted to them in the sum of $150 for their

services in selling the land, and he agreed with appellees that if they would sign a receipt to Hively for the $150, and deliver it to him, he would give them his note for that amount; the note and receipt were executed accordingly; that the note was not to be paid unless the receipt could be used as a payment on the land; that Hively refused to accept the receipt as a payment on the land, and that Hively was not indebted to appellees in that or any other sum. Wherefore the consideration had failed.

To this paragraph of answer the appellees replied that, by the terms of the contract between them and Hively, they were to have $150 out of the first money paid for their services in selling the land; that amount was due them from said Hively when they had made said sale to appellant; that appellant could not raise all the money to make the first payment on the land, and in order to give him time on that portion of it that was coming to them, they agreed with him to give him a receipt to Hively for that amount, and take his note, payable in bank, for their claim against Hively; that the note and receipt were exchanged in consideration of said agreement; that appellant had taken possession of the land under the sale, and had received the rents therefor.

We think the receipt was intended to and did operate as a valid transfer to appellant of appellees' claim against Hively, and that these allegations show a sufficient subsisting consideration for the note, and that there was no error in overruling the demurrer to this paragraph of the reply. The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and it is in all things affirmed, with costs.

Filed May 29, 1884.